[Cite as *State v. Dunch*, 2026-Ohio-2868.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## TRUMBULL COUNTY

| | |
|---|---|
| STATE OF OHIO, | **CASE NO. 2025-T-0079** |
| Plaintiff-Appellee, | |
| - vs - | Criminal Appeal from the Court of Common Pleas |
| TABITHA DUNCH, | |
| Defendant-Appellant. | Trial Court No. 2025 CR 00194 |

## OPINION AND JUDGMENT ENTRY

Decided: July 27, 2026
Judgment: Affirmed

*Dennis Watkins*, Trumbull County Prosecutor, and *Charles L. Morrow*, Assistant Prosecutor, Administration Building, Fourth Floor, 160 High Street, N.W., Warren, OH 44481 (For Plaintiff-Appellee).

*Brian A. Smith*, Brian A. Smith Law Firm, L.L.C., 123 South Miller Road, Suite 250, Fairlawn, OH 44333 (For Defendant-Appellant).

ROBERT J. PATTON, J.

{¶1}    Defendant-appellant, Tabitha Dunch ("Dunch"), appeals from the judgment of the Trumbull County Court of Common Pleas denying her motion to suppress evidence seized following a traffic stop. In her motion to suppress, Dunch challenged only the validity of the traffic stop itself.

{¶2}    Upon review, we conclude that the trial court's factual findings were supported by competent, credible evidence. Further, the traffic stop was supported by probable cause because the officer observed a traffic violation. Thus, the trial court did not err in applying its factual findings to the governing law.

{¶3}  Accordingly, the judgment of the Trumbull County Court of Common Pleas is affirmed.

**Substantive and Procedural History**

{¶4}  On November 2, 2023, between 1:00 AM and 2:00 AM, Officer Altier of the Liberty Township Police Department was working a midnight shift and observing traffic around the Motel 6 on Belmont Avenue. Officer Altier testified that this is an area known for drug activity, prostitution, and other crimes. Officer Altier observed a vehicle running in the parking lot near the back building of the motel. The officer described seeing a subject quickly exit the motel in a hurry, jump into the vehicle, back the vehicle up, and pull out onto the street. Officer Altier observed the vehicle preparing to make an illegal turn out of the parking lot, but upon noticing police presence, the vehicle corrected itself and proceeded to turn in the required direction. As the vehicle drove past Officer Altier, he thought that he observed a license plate bracket or tinted plate cover on the vehicle obstructing the plate's view.

{¶5}  Officer Altier did not immediately conduct a traffic stop, but instead, decided to follow the vehicle. When Officer Altier caught up with the vehicle, he testified that he had switched lanes to confirm his prior observation—an improper license plate bracket and tinted plastic plate cover. Upon confirming the obstruction, Officer Altier conducted a traffic stop. It was then discovered that the vehicle was equipped with a temporary tag as opposed to a license plate.

{¶6}  Video evidence confirmed that, while the temporary tag number itself was visible, the vehicle had a silver-colored aftermarket bracket that obscured the entire bottom of the temporary tag where the county registration information and the expiration

date would typically be located on a license plate. At the top of the bracket, a decoration obscured where the state registration information would be. The plastic covering was underneath the silver bracket.

{¶7}    Dunch was identified as the driver. Dunch told Officer Altier that she was at the motel visiting a friend for a few hours. Officer Altier was suspicious of this answer because he observed several large bags and suitcases inside the vehicle. Additionally, the vehicle was very warm and had no frost on the windows despite a below-freezing temperature outside. Officer Altier also testified that Dunch was deceptive in her answers, having trouble making eye contact, and appeared nervous.

{¶8}    A second officer arrived on scene while Officer Altier was in the process of issuing a citation. Both officers noticed an odor of marijuana coming from the vehicle, which was illegal at the time of the stop. Officer Altier asked Dunch to hand over her marijuana to be confiscated. Dunch opened the bag sitting in the passenger seat where the marijuana was located, and Officer Altier observed a large amount of methamphetamine inside. Officer Altier explained that he knows what methamphetamine looks like and how it is typically bagged due to his experience in law enforcement.

{¶9}    Officer Altier ordered Dunch out of the car, and she was Mirandized. While placing Dunch in the patrol car, Dunch admitted that she had a firearm in the vehicle. After securing the weapon, Officer Altier continued investigating the drugs, and Dunch admitted that she had come to the motel to sell narcotics. In addition to the marijuana and methamphetamine in the bag, a plethora of additional drugs and other items associated with drug trafficking were then located in the vehicle.

Case No. 2025-T-0079

{¶10} In May 2024, a Trumbull County Grand Jury indicted Dunch, by secret indictment, on twelve counts: aggravated possession of drugs, a second-degree felony, in violation of R.C. 2925.11(A) and (C)(1)(c) ("Count 1"); aggravated possession of drugs, a second-degree felony, in violation of R.C. 2925.11(A) and (C)(1)(c) ("Count 2"); aggravated possession of drugs, a third-degree felony, in violation of R.C. 2925.11(A) and (C)(1)(b) ("Count 3"); aggravated possession of drugs, a third-degree felony, in violation of R.C. 2925.11(A) and (C)(1)(b) ("Count 4"); aggravated possession of drugs, a third-degree felony, in violation of R.C. 2925.11(A) and (C)(1)(b) ("Count 5"); aggravated possession of drugs, a fifth-degree felony, in violation of R.C. 2925.11(A) and (C)(1)(a) ("Count 6"); aggravated possession of drugs, a fifth-degree felony, in violation of R.C. 2925.11(A) and (C)(1)(a) ("Count 7"); possession of cocaine, a fifth-degree felony, in violation of R.C. 2925.11(A) and (C)(4)(a) ("Count 8"); possession of fentanyl-related compound, a fourth-degree felony, in violation of R.C. 2925.11(A) and (C)(11)(b) ("Count 9"); aggravated possession of drugs, a fifth-degree felony, in violation of R.C. 2925.11(A) and (C)(1)(a) ("Count 10"); aggravated possession of drugs, a fifth-degree felony, in violation of R.C. 2925.11(A) and (C)(1)(a) ("Count 11"); and, improperly handling firearms in a motor vehicle, a fourth-degree felony, in violation of R.C. 2923.16(B) and (I). Dunch pleaded not guilty to the charges at her arraignment.

{¶11} On April 10, 2025, Dunch filed a motion to suppress the evidence obtained as a result of the traffic stop. The motion argued that Officer Altier lacked reasonable articulable suspicion to conduct a traffic stop because the license plate affixed to the vehicle was legible from a distance. The trial court found that the license plate cover on the vehicle completely obstructed the county registration sticker, expiration date, and the

State of registration. Thereafter, the trial court denied the motion to suppress on the basis that the traffic stop was supported by probable cause due to Officer Altier's observation of that infraction.

{¶12} On September 9, 2025, following the denial of her motion to suppress, Dunch pled no contest to Counts 1, 3, 5, 7, 9, 11, and 12 of the indictment upon the State's agreement to issue a nolle prosequi on Counts 2, 4, 6, 8, and 10 of the indictment. The trial court conducted a plea colloquy and advised Dunch of her rights prior to finding that her pleas were entered knowingly, intelligently, and voluntarily. The trial court ordered a pre-sentence investigation ("PSI").

{¶13} On October 23, 2025, the trial court conducted a sentencing hearing. The trial court sentenced Dunch to an indefinite prison term of 4 to 6 years on Count 1, 24 months in prison on Count 3, 24 months in prison on Count 5, 12 months in prison on Count 7, 12 months in prison on Count 9, 12 months in prison on Count 11, and 18 months in prison on Count 12, all to be served concurrently. Thus, Dunch's aggregate sentence was an indefinite term of 4 to 6 years in prison. The trial court also imposed a $2,000 fine.

**The Appeal**

{¶14} Dunch timely appealed and raises the following as her sole assignment of error:

> The trial court erred when it denied [Dunch's] Motion to Suppress, in violation of [Dunch's] right against unreasonable searches and seizures under the Fourth and Fourteenth Amendments to the United States Constitution and Article I, Section 14 of the Ohio Constitution.

{¶15} Dunch argues that Officer Atlier's testimony is not enough to establish reasonable articulable suspicion. Rather, according to Dunch, Officer Altier improperly

Case No. 2025-T-0079

relied on a mere hunch that something may have been suspicious about Dunch's conduct in quickly exiting the motel.

{¶16} "Appellate review of a motion to suppress presents a mixed question of law and fact." *State v. Burnside*, 2003-Ohio-5372, ¶ 8. "[T]he trial court assumes the role of trier of fact and is therefore in the best position to resolve factual questions and evaluate the credibility of witnesses." *Id.*, citing *State v. Mills*, 62 Ohio St.3d 357, 366. We must accept the trial court's findings of fact if they are supported by competent, credible evidence, and then independently decide whether those facts satisfy the applicable legal standards without deference to the trial court's decision. *Id.* "Once an appellate court determines whether the trial court's factual findings are supported by the record, the court must then engage in a de novo review of the trial court's application of the law to those facts." *State v. Eggleston*, 2015-Ohio-958, ¶ 18 (11th Dist.), citing *State v. Lett*, 2009-Ohio-2796, ¶ 13 (11th Dist.). Accordingly, we begin our analysis by determining whether the trial court's factual findings were supported by competent, credible evidence.

{¶17} The trial court's judgment entry made the following findings of fact:[1]

> On November 2, 2023, Detective Altier of the Liberty Township Police Department was on patrol while working the midnight shift when he observed the Defendant hurriedly exit the back building of Motel Six, jump in a car and quickly pull out of the parking lot of the motel. Motel Six was in what Detective Altier described as a high crime area and criminal activity occurred frequently in the back building of the motel.
> . . .
>
> When the vehicle drove by Detective Altier he observed a plastic plate cover over the license plate and a plate bracket around the license plate. The county registration sticker, the

---

1. Because Dunch has challenged only the validity of the traffic stop itself, we omit the additional facts related to the subsequent search of the automobile.

Case No. 2025-T-0079

> state and the date of expiration were completely obscured by the license plate bracket.
>
> Detective Altier followed the vehicle northbound. When he confirmed his observation that the plate was obscured by the license plate cover and bracket, he initiated a traffic stop.

{¶18} Dunch argues that the trial court's factual finding that Officer Altier observed a plastic plate cover and plate bracket obscuring the State and the date of expiration was not supported by competent, credible evidence because Officer Altier testified that he "thought" he saw those items. We disagree.

{¶19} Dunch's argument rests on an unduly narrow snippet of the officer's testimony. Although Officer Altier initially stated he "thought" he saw the obstruction, his testimony did not abruptly end there. Rather, Officer Altier explained that he followed the vehicle to confirm that the bracket and cover were improper before initiating the stop. The trial court's entry acknowledged this double observation. Further, Officer Altier explained the violation in detail via video evidence admitted at the suppression hearing that independently corroborated his testimony. We therefore conclude that the trial court's factual findings were supported by competent, credible evidence.

{¶20} "Once an appellate court determines whether the trial court's factual findings are supported by the record, the court must then engage in a de novo review of the trial court's application of the law to those facts." *Eggleston*, 2015-Ohio-958, at ¶ 18 (11th Dist.), citing *Lett*, 2009-Ohio-2796, at ¶ 13 (11th Dist.). Accordingly, we now shift our analysis to determine whether the trial court erred in applying the law to its findings of fact.

{¶21} Dunch argues, in part, that the trial court's application of law was erroneous because "[t]he State's evidence failed to establish that a traffic violation took place."

Case No. 2025-T-0079

Dunch posits that she did not violate R.C. 4503.21 because a temporary tag does not contain the same information as a license plate, and Officer Altier misidentified the temporary tag as a license plate. However, it is well established that an officer is not required to prove the suspect committed an offense beyond a reasonable doubt "'so long as the officer reasonably believes the conduct observed constitutes a form of the offense in question.'" *State v. Grant*, 2025-Ohio-5095, ¶ 11 (11th Dist.), quoting *State v. Armington*, 2019-Ohio-1713, ¶ 36 (11th Dist.); *State v. Brentlinger*, 2019-Ohio-4989, ¶ 11 (5th Dist.).

{¶22} As we have previously explained, "[f]or the purposes of effecting a valid stop, the issue whether [Dunch] had in fact violated R.C. 4503.21 is neither determinative nor relevant. Rather, the issue is whether [the officer] had probable cause to believe that [s]he had done so." *State v. Thomas*, 2024-Ohio-5872, ¶ 14 (11th Dist.) citing *Bowling Green v. Godwin*, 2006-Ohio-3563, ¶ 15. That is because "[a]n officer has probable cause to stop a vehicle where he observes conduct which he reasonably believes violates the law." *State v. Davis*, 2006-Ohio-3424, ¶ 23 (11th Dist.). Even if the underlying basis for the stop has been dispelled, an officer remains "entitled to complete the mission of the stop." *State v. Fips*, 2026-Ohio-1207, ¶ 12, citing *State v. Dunlap*, 2024-Ohio-4821, ¶ 23-24.

{¶23} "[A] traffic stop based upon probable cause is not unreasonable, and . . . an officer who makes a traffic stop based on probable cause acts in an objectively reasonable manner." *City of Dayton v. Erickson*, 1996-Ohio-431, ¶ 16. Thus, as the Supreme Court of Ohio has explained:

> [W]here a police officer stops a vehicle based on probable
> cause that a traffic violation has occurred or was occurring,

Case No. 2025-T-0079

the stop is not unreasonable under the Fourth Amendment to the United States Constitution even if the officer had some ulterior motive for making the stop, such as a suspicion that the violator was engaging in more nefarious criminal activity.

*Id.*

{¶24} "Probable cause is defined in terms of facts or circumstances 'sufficient to warrant a prudent man in believing that the (suspect) had committed or was committing an offense.'" *State v. Scrivens*, 2010-Ohio-712, ¶ 31 (11th Dist.), citing *Gerstein v. Pugh*, 420 U.S. 103, 111 (1975). When evaluating the propriety of an investigative stop, a reviewing court must examine the totality of the circumstances surrounding the stop as "viewed through the eyes of the reasonable and prudent police officer on the scene who must react to events as they unfold." *State v. Andrews*, 57 Ohio St.3d 86, 87-88 (1991).

{¶25} R.C. 4503.21(A) states in relevant part:

(A)(1) . . . no person who is the owner or operator of a motor vehicle shall fail to display in plain view on the rear of the motor vehicle a license plate that displays the distinctive number and registration mark assigned to the motor vehicle by the director of public safety, including any county identification sticker and any validation sticker when required . . . .

(2) The license plate . . . shall not be covered by any material that obstructs its visibility.

(3) . . . no person to whom a temporary motor vehicle license registration has been issued . . . and no operator of that motor vehicle, shall fail to display the temporary motor vehicle license registration in plain view from the rear of the vehicle either in the rear window or on an external rear surface of the motor vehicle.

(4) No person shall cover a temporary motor vehicle license registration by any material that obstructs its visibility.

{¶26} Here, viewing all of the facts available to the officer at the time of the stop, we find that Officer Altier had probable cause to believe that Dunch violated R.C. 4503.21,

Case No. 2025-T-0079

rendering the stop constitutionally permissible. Officer Altier testified that he believed he had seen improper equipment covering the vehicle's registration. Upon a second observation, Officer Altier testified that a silver aftermarket bracket covered the bottom of the registration, decorative material covered the top, and there was a tinted plastic cover over the entirety. These observations provided Officer Altier with probable cause to believe that the obstructions constituted a violation of R.C. 4503.21.

{¶27} Even if the officer initially misidentified the temporary tag as a license plate, R.C. 4503.21(A)(4) still prohibits any person from "cover[ing] a temporary motor vehicle license registration by any material that obstructs its visibility." Neither license plates nor temporary tags are permitted to be obstructed under the statute.

{¶28} "[A]n officer's mistake of fact will not necessitate the suppression of evidence where the mistake is 'understandable' and a reasonable response to the situation facing the officer." *Kirtland Hills v. Rinkes*, 2011-Ohio-2713, ¶ 27 (11th Dist.). Officer Altier cannot reasonably have been expected to know from a distance whether a moving vehicle was equipped with a license plate, temporary tag, or some other out-of-state registration in the middle of the night when an aftermarket bracket with decorative and a tinted covering obstructed the tag's identifying features.

{¶29} Additionally, the Fourth Amendment tolerates an officer's reasonable mistake of law. *Heien v. North Carolina*, 574 U.S. 54, 68 (2014). "An officer has probable cause to stop a vehicle where he observes conduct which he reasonably believes violates the law." *Davis*, 2006-Ohio-3424 at ¶ 23 (11th Dist.). We reiterate that the officer's reasonable belief that Dunch violated the statute, factually or legally, does not require us to determine whether Dunch was guilty of the offense beyond a reasonable doubt.

Case No. 2025-T-0079

*Brentlinger*, 2019-Ohio-4989, at ¶ 11 (5th Dist.). Based on the information available to Officer Altier at the time of the stop, there was probable cause to believe that Dunch violated R.C. 4503.21. Thus, the trial court properly denied Dunch's motion to suppress.

{¶30} As we have found that Officer Altier acted with probable cause, this conclusion necessarily includes a finding of reasonable suspicion. *State v. Mays*, 2008-Ohio-4539, ¶ 23.

{¶31} As the Supreme Court of Ohio has previously explained:

> Probable cause is a stricter standard than reasonable and articulable suspicion. *State v. Evans* (1993), 67 Ohio St.3d 405, 411, 618 N.E.2d 162. The former subsumes the latter. Just as a fact proven beyond a reasonable doubt has by necessity been proven by a preponderance, an officer who has probable cause necessarily has a reasonable and articulable suspicion, which is all the officer needs to justify a stop.

*Id*.

{¶32} Thus, Dunch's argument that Officer Altier lacked reasonable suspicion is without merit. Upon review of the record, we conclude that the trial court's factual findings are supported by competent, credible evidence on the record, and the trial court made no error in applying those factual findings to the governing law. Accordingly, Dunch's sole assignment of error is without merit.

## Conclusion

{¶33} For the reasons set forth above, the judgment of the Trumbull County Court of Common Pleas is affirmed.

MATT LYNCH, P.J.,

EUGENE A. LUCCI, J.,

concur.

Case No. 2025-T-0079

# JUDGMENT ENTRY

For the reasons stated in the opinion of this court, appellant's assignment of error is without merit. It is the judgment and order of this court that the judgment of the Trumbull County Court of Common Pleas is affirmed.

Costs to be taxed against appellant.

JUDGE ROBERT J. PATTON

PRESIDING JUDGE MATT LYNCH,
concurs

JUDGE EUGENE A. LUCCI,
concurs

**THIS DOCUMENT CONSTITUTES A FINAL JUDGMENT ENTRY**

A certified copy of this opinion and judgment entry shall constitute the mandate pursuant to Rule 27 of the Ohio Rules of Appellate Procedure.

Case No. 2025-T-0079